ONN LUMBER & SHINGLE COMPANY, APPELLANT, V. POWELL LUMBER COMPANY ET AL., APPELLEES.

FILED SEPTEMBER 26, 1913.    No. 17,340.

Estoppel in Pais. To create an estoppel *in pais*, it must appear that the party against whom it is invoked made the declaration or did the act, on which the estoppel is sought to be based, either with the express intention to deceive, or acted with such careless and culpable negligence as to amount to a constructive fraud.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*F. N. Prout* and *T. A. Witten,* for appellant.

*C. C. Flansburg* and *C. H. Denney, contra.*

BARNES, J.

Action to recover the purchase price of a car-load of shingles. A trial in the district court for Jefferson county resulted in a judgment for the defendants, Delmar D. Norton and Isaac J. Elwood, and the plaintiff has brought the case to this court on appeal.

The record discloses that for some years prior to the 17th day of February, 1910, the defendant Delmar D. Norton was the owner of a lumber yard in the village of Powell, Jefferson county, which was in charge of an agent

by the name of Frisch, who carried on the business under the name of the "Powell Lumber Company;" that on that date he sold the yard in question to the defendant Elwood, giving him a deed to the real estate, and executing to him a bill of sale of the stock of lumber; that Elwood on the same day sold the yard to W. L. Parker and Edgar A. Foster, who at that time took possession of the yard and business; that thereafter, and on or about the 10th day of March, 1910, Parker and Foster ordered the car-load of shingles in question from the plaintiff, who shortly before that time succeeded to the business of the Derickson Lumber Company of Seattle, Washington. The order was by mail, and made by defendants Parker and Foster, under the name of the Powell Lumber Company, the order having been signed by a rubber stamp; the letter-head used in mailing the order did not contain the name of either Norton or Elwood. The car-load of shingles was shipped upon this order. The shipment never came to Powell, but was diverted in transit to the Panhandle Lumber Company of Canadian, Texas, and it was sought to hold defendants Norton and Elwood on the ground of an estoppel.

It was not claimed that plaintiff had ever, at any time before the shipment in question was made, sold either to Norton or Elwood any lumber, or had any dealings with the Powell Lumber Company. It is claimed, however, that before it made the shipment it had examined a "Red Book" (the date of which is not given), used by the trade, and had ascertained that the defendant Norton was worthy of credit, and therefore made the shipment in question. It is not claimed that the plaintiff made any other or further investigation, or that it ever had any dealings or correspondence with either Norton or Elwood, or the Powell Lumber Company, except to fill the order in question. The district court held that there was no estoppel, and that, as to the defendants Elwood and Norton, plaintiff was not entitled to recover.

In order to create an estoppel *in pais,* it must appear that the party against whom it is invoked made the dec-

laration or did the act, upon which estoppel is sought to be based, either with the express intention to deceive, or with such careless and culpable negligence as to amount to a constructive fraud. *Griffeth v. Brown*, 76 Cal. 260.

It appears that, when the order in question was made, neither Norton nor Elwood was interested in any manner in the Powell Lumber Company. Norton had sold and conveyed the entire business to Elwood on the 17th day of February, 1910, and thereafter had no interest in the Powell Lumber Company. Elwood had sold and conveyed the property to Parker and Foster on the same day, and therefore had no interest in the company. There had been no course of dealings between the plaintiff and the Powell Lumber Company, and there was nothing on which to base an estoppel as against Norton or Elwood. It does not appear that either Norton or Elwood had any knowledge or intimation that it was the purpose of the defendants Parker and Foster to continue the business under the trade-name of the Powell Lumber Company, and, as we view the record, there is nothing in the evidence to create an estoppel as against either of them.

There was a special appearance by the appellees, which was kept good, and it is claimed by them that the district court for Jefferson county never acquired jurisdiction over them, or either of them. It is not necessary to determine that question, for the reason that the plaintiff has failed to establish any liability on the part of the appellees.

The judgment of the district court is therefore

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.